

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MATTHEW C. HALLDORSON**
*Assistant Corporation Counsel*
Tel: (212) 356-3297

September 21, 2020

**VIA ECF**
Hon. George B. Daniels
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/16/2020

      Re:    *S.G. obo S.V. v. N.Y.C. Dep't of Educ.*, 19-cv-11172 (GBD)(SDA)

Dear Judge Daniels:

    I am an Assistant Corporation Counsel in the office of Corporation Counsel James E. Johnson, attorney for Defendant in the above-referenced matter.  I write to respectfully request a 90-day stay of this action pending Plaintiff's counsel's provision to Defendant of relevant attorney billing records, and to respectfully request that Plaintiff be directed to provide billing records no later than September 25, 2020.  On Friday, September 11, 2020, two other judges of this Court granted the City's letter motions to stay those cases due to long delays by the Roller firm in providing relevant attorney billing records. *See T. v. DOE*, 20-cv-3816 (GHW)(RWL) (ECF No. 13) (90-day stay imposed); *D. v. DOE*, 20-cv-2238 (KPF)(GWG) (ECF No. 14) (full stay imposed with Order to produce billing records).

    In this case—filed on December 5, 2019—Plaintiff seeks solely attorneys' fees in the amount of $47,558.50 under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*, for fees allegedly incurred in the underlying administrative proceeding and $1,500.00 (to date) for fees allegedly incurred in this proceeding.

    On January 14, 2020, my office first requested attorney billing records, resumes for attorneys and staff who worked on the underlying administrative proceeding, and the retainer agreement.  Having received no response, my office made additional requests for Plaintiff's records on April 24, May 8, June 5, June 29, July 24, and August 4, 2020.  Indeed, as seen in the attached Bowe email, on July 24, counsel informed Defendant that "I will get you the billing records, we can write to the judge jointly and ask for an extension of the motion to explore settlement." *See* Bowe email annexed hereto as Exhibit "A."  Plaintiff then informed this Court, on August 4, 2020, that the parties would begin to negotiate settlement. (ECF No. 19).

By way of background, the overwhelming majority of fee claims following IDEA administrative proceedings are resolved amicably between plaintiff's counsel and the DOE without the need for a federal action. Of the small portion of fee claims that do not resolve through settlement with DOE, once a federal action is filed they are routinely settled without further litigation following negotiations between plaintiff's counsel and the New York City Law Department (with final approval by the New York City Comptroller). A small fraction of the federal filings do not settle and go to motion practice despite the fact that they could have and should have settled had Plaintiff's counsel acted reasonably. *See e.g., G.T. v. N.Y.C. Dep't of Educ.,* 18 Civ. 11262, 2020 U.S. Dist. LEXIS 55420 (S.D.N.Y. Mar. 30, 2020) (Daniels, J.), *adopting G.T.*, 2020 U.S. Dist. LEXIS 25557 (S.D.N.Y. Feb. 12, 2020) (awarding Irina Roller $12,871.70 after the Defendant had offered to settle for $12,700.01 on April 5, 2019).

This case, and many others filed by the Roller firm, are outliers in that (1) Plaintiff's counsel never sought to reach a resolution with the DOE or the Law Department before filing this suit, (2) then waited until one day before the three-year statute of limitations to file a federal action, and (3) delays many months in providing the defendant with attorney billing records. Indeed, since the onset of the COVID-19 pandemic, Ms. Roller has filed 25 new actions seeking solely IDEA fees and costs, and, has an additional half dozen others filed in 2019 and early 2020, yet has only provided billing records in just a few of those cases to date.

We do not understand Plaintiff's recalcitrance here. The records at issue should be easy to produce as they are–or at least are required to be–prepared and maintained *contemporaneously* with the work plaintiff's counsel presumably performed in the underlying proceeding. We see no reason why a federal court should be burdened with dispositive motion practice on a claim of this nature and size when Plaintiff has so persistently deprived the parties of the opportunity to reach settlement.

Indeed, on September 11, 2020, Judge Woods imposed a 90-day temporary stay after Ms. Roller agreed to produce billing records in that case by September 14, 2020. As Judge Woods appears to have recognized, it is unclear why counsel is delaying in providing the attorney billing records:

> As a brief aside for counsel for plaintiff, if you are running these cases, the underlying hearings, if you're keeping contemporaneous time records as you go while litigating the case, the process of presenting the records shouldn't be much more than pressing "print." What's the impediment here? The obligation is to create and maintain contemporaneous time records, which would be what you would be presenting to the Court. I expect, if you were to be litigating this in front of me, you would not be recreating your time records or reconstructing them. Instead, you would be printing out the contemporaneous time records, meaning records that you had made at the time of the representation. So it's not really clear to me why it would be that there is a time lag involved in the presentation of these records if indeed you are, as you are supposed to when you present motions to the Court, presenting contemporaneous time records.

*See* 20-cv-3816 (GHW)(RWL) transcript 9/11/20 excerpt annexed hereto as Exhibit "B." Also on September 11, as mentioned above, Judge Failla ordered another similar action be stayed,

cancelled a conference *sine die*, and directed Ms. Roller to produce billing records no later than September 25, 2020. *See D. v. DOE*, 20-cv-2238 (KPF)(GWG) (ECF No. 14).

Therefore, for the reasons set forth herein, Defendant respectfully requests that the Court order the following relief:

1. Compel Plaintiff to produce the records on or before September 25, 2020, and order that failure to produce by that date shall result in dismissal of the case with prejudice;

2. Prohibit Plaintiff from moving for summary judgment any sooner than 90 days following the production of attorney billing records to allow time for settlement negotiations to take place before motion practice commences, and otherwise impose a stay on this action; and

3. Deny Plaintiff fees in connection with the production of documents, or any response to this letter.

Defendant respectfully submits that, given Plaintiff's long history of apparent indifference to its own claim, the above relief is necessary for the matter to move forward in an appropriate manner to unburden the Court's docket.

Thank you for the Court's consideration of this request.

Respectfully submitted,

/s/
Matthew C. Halldorson
Assistant Corporation Counsel

cc:   Irina Roller, Esq. (via ECF)

Defendant's Letter Motion is GRANTED IN PART and DENIED IN PART. This action is stayed until 12/30/2020 and Plaintiff shall not file a motion for summary judgment prior to that date. SO ORDERED.
Dated: 10/16/2020

Stuart D. Aaron

3